**FILED**
**Jul 27, 2026**
**12:35 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | |
|---|---|
| **MARY DISHNER,** <br>       **Employee**, <br> **v.** <br> **ACCURATE DIE CUTTING, INC.,** <br>       **Employer**, <br> **and** <br> **TRAVELERS CASUALTY & SURETY CO.,** <br>       **Carrier**. | **Docket No. 2025-20-8193** <br><br> **State File No. 45318-2025** <br><br> **Judge Brian K. Addington** |

---

## EXPEDITED ORDER

---

Mary Dishner alleged that she sustained a work-related hernia. Accurate Die Cutting denied her claim based on her medical records and a record review by its physician.

The Court held an expedited hearing on July 21, 2026, on her entitlement to medical and temporary disability benefits. Based on the evidence presented, the Court finds that Ms. Dishner is unlikely to prevail at a compensation hearing in proving that her injury is work-related and denies her request for benefits at this time.

### Claim History

Ms. Dishner works making building material samples for Accurate. She alleged a hernia occurred when she tripped on the corner of a pallet at work while carrying a heavy tray on June 25, 2025. She felt immediate searing pain and noticed a bulge.

Previously, Ms. Dishner had two C-section deliveries, surgery for colon cancer and gall bladder problems and four adhesion surgeries. All surgeries were in

1

her abdominal area. She saw her primary care physician Scott Denham in 2022 for an area in her abdomen which she felt did not look right. She denied on cross examination asking him to look at a hernia. As a result of the examination, Dr. Denham recommended a CT to rule out a hernia, but Ms. Dishner did not have one at that time.

After the incident, the carrier denied her claim, and Ms. Dishner underwent hernia surgery with Dr. Carlos Floresguerra at her own expense.

Accurate based its denial, in part, on a record review by Texas surgeon Dr. Amir Karni. He reviewed records of various providers from 2017 through the date of injury and after, including the post-accident CT scan. He specifically pointed to Dr. Denham's notes in 2022 that Ms. Dishner was concerned she had a hernia. He stated that Dr. Denham felt she most likely had a periumbilical hernia.

Dr. Karni noted that Ms. Dishner's previous surgeries increased her risk for an incisional hernia. The scans before 2017 did not show hernias. Dr. Denham's notes after the present injury conflicted with his previous notes concerning the hernia. The new CT showed two hernias, and Dr. Floresguerra intended to repair them with mesh. Although he did not have the surgical notes, Dr Karni thought the hernia was most likely caused by her previous surgeries.

For proof of her claim, Ms. Dishner offered a letter from Dr. Denham He wrote the post-accident CT scan showed two hernias and that she underwent surgery with Dr. Floresguerra. No current evidence existed that she definitively had a pre-existing hernia *to this extent,* according to him. He examined her in 2022 and did not confirm a hernia at that time. He stated the bulges he was able to palpate in 2025 were not in the area of concern in 2022. He concluded the June 2025 incident contributed greatly to the dual hernias.

The parties deposed Dr. Denham. He is a family medical practitioner with no board certifications. Smoking and previous surgeries, which applied to Ms. Dishner, are risk factors for hernias. When he examined Ms. Dishner in 2022, she thought she had a hernia around a previous incision, and he thought she had a periumbilical hernia. He could not confirm it, so he requested she undergo a CT, but she refused. When she stood and coughed it looked as though she had a hernia.

When asked whether Dr. Floresguerra repaired one or two hernias, Dr. Denham was unsure but noted that results from a CT scan be different once a surgery is started. He saw that Dr. Floresguerra reported the hernia was an incisional hernia.

2

Dr. Denham gave conflicting testimony about the placement of the hernia(s) in 2022 and 2025.[1] He stated Dr. Floresguerra would be the best witness to these issues.

Ms. Dishner was a straightforward witness, exhibiting confidence and answering questions honestly. She requested medical benefits and temporary disability benefits, but she did not present any off-work slips from her doctors.

## Findings of Fact and Conclusions of Law

Ms. Dishner must show a likelihood of proving at a compensation hearing that she is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2025).

Ms. Dishner alleges a work-related hernia. In Tennessee, benefits may be awarded for a work-related "hernia or rupture" if:

(1) There was an injury resulting in hernia or rupture;
(2) The hernia or rupture appeared suddenly;
(3) It was accompanied by pain;
(4) The hernia or rupture immediately followed the accident; and
(5) The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a).

The Court finds that Ms. Dishner has undergone many surgeries to her abdomen, and as early as 2022, she asked Dr. Denham to look at a suspicious place on her abdomen because she thought then that it was a hernia. He was unsure at that time but thought likely that she had a hernia after examining her and requested a CT scan, which she did not complete until after the present injury.

After examination, he wrote a letter that stated that his records did not contain information that she had a pre-existing hernia *to this extent.* Although his statement is not totally clear, the Court finds that he meant she had a pre-existing hernia that was not as large as it is now.

Also, Dr. Denham stated she was at risk for hernias due to previous surgeries. Although he had a surgical report, Dr. Denham stated that Dr. Floresguerra could better address medical causation.

---

[1] The only record from Dr. Floreguerra was the two-page operative note from December 2, 2025.

3

Considering Dr. Denham's letter and deposition along with Dr. Karni's conclusion that her hernia was not work-related, the Court holds that Ms. Dishner is not likely to succeed at a compensation hearing in proving her hernia would meet the compensability criteria required by the statute.

**It is ORDERED AS FOLLOWS:**

1.     Ms. Dishner's request for benefits is denied at this time.

2.     The Court sets a status hearing on **September 8, 2026**, at **11:00 a.m. Eastern**. The parties must dial **855-543-5044** to participate.

**ENTERED July 27, 2026.**

**Brian K. Addington**

_____
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits:

1.  Affidavit of Mary Dishner
2.  Wage Statement
3.  Dr. Denham's Letter
4.  Collective Exhibit of texts[2]
5.  Dr. Karni Records Review
6.  Dr. Denham's Deposition
7.  Diagram and Pictures
8.  Collective Exhibit[3]

---

[2] The Court sustained an objection to the texts from Dr. Denham but allowed the texts from the insurance carrier.

[3] Accurate objected to the record from Dr. Denham, which the Court sustains because it is not signed. It appears to be a record summary. The Court overrules Accurate's objection to the CT scan because it was filed timely and is signed.

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on July 27, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Mary Dishner, Employee | X | ████████████████████ |
| Chris Brown, Employer's Attorney | X | chris.brown@leitnerfirm.com |

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*